IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZEMIN ZHAO, AND ZHONG LING CHEN,<br><br>                Plaintiffs,<br><br>    vs.<br><br>JI FENG HUANG,<br><br>                Defendant. | 8:15CV288<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion for Default Judgment (Filing No. 11) submitted by Plaintiffs Zemin Zhao ("Zhao") and Zhong Ling Chen ("Chen") (collectively "Plaintiffs"). For the reasons discussed below, the motion will be denied and Plaintiffs' Complaint will be dismissed in part with leave to amend.

## BACKGROUND

The Motion for Default Judgment comes before the Court in an unusual posture. Plaintiffs filed a complaint ("Complaint") (Filing No. 1) on August 3, 2015, alleging that Defendant Ju Feng Huang ("Huang")[1] defaulted on payments on multiple promissory notes she made in favor of Plaintiffs. The Complaint alleges that Plaintiffs loaned Huang $81,967.21[2] on November 27, 2013 ("November 2013 Loan"). For the loan, Huang signed a promissory note, a copy of which is attached to the Complaint.[3] (*Id.* at ECF 2; *id.* at ECF 8–9.) According to the note, Huang agreed to repay the loan with an

---

[1] Although Plaintiffs provide a California address for Huang, the filings indicate that Huang presently resides in China.
[2] All loans alleged herein were initially calculated in amounts corresponding to the Chinese Renminbi.
[3] Both of the promissory notes filed with the Court were handwritten in Mandarin. Both are accompanied by an English translation and a notarized certificate provided by the translating company, attesting to the translations' accuracy. (*See* Filing No. 1 at ECF 7–11.)

interest rate of 3% per month, with her house serving as collateral.  (*Id.* at ECF 8–9.) The debt was to be repaid within one year.

On March 3, 2014, Plaintiffs loaned Huang $16,393.44 ("March 2014 Loan") for which Huang signed a promissory note and agreed to repay at 3% interest per month.[4] (*Id.* at ECF 2.)  On March 6, 2015, Huang paid loan interest, but never paid on the principal amounts of either loan—a total of $98,360.65.  (*Id.*)

On October 8, 2014, Plaintiffs loaned Huang $161,290.32 ("October 2014 Loan"). Again Huang signed a promissory note, a copy of which is attached to the Complaint. (*Id.* at ECF 2–3; *id.* at ECF 10–11.)  Huang agreed to pay interest at a rate of 3% per month, with her house again serving as collateral.  (*Id.* at ECF 3.)  As with the prior two loans, the October 2014 Loan was due within one year—specifically, by October 8, 2015.  Plaintiffs filed their Complaint on August 3, 2015, more than two months before the October 2014 Loan was due.  The Complaint prayed for judgment "if [Huang] does not pay the amount due under the [October 2014 Loan]" in the amount of the unpaid balance of the loan.  (*Id.* at ECF 5.)

As of the date of this order, Huang has not filed an answer with the Court.  On November 18, 2015, however, Plaintiffs and Huang filed a Stipulation for Entry of Judgment Upon Default (Filing No. 9) ("Stipulation").  The Stipulation was signed by Plaintiffs and Huang, although Huang's signature was not notarized.[5]  According to the

---

[4] This promissory note is not attached to the Complaint.
[5] In their identical affidavits, Zhao (Filing No. 12) and Chen (Filing No. 13) assert that Huang notified Plaintiffs that she was unable to have her signature on the Stipulation notarized in China. Included with the affidavits are images that Plaintiffs identify as Huang signing and holding the Stipulation as well as images of the original message from Huang in Mandarin informing Plaintiffs of her inability to have the Stipulation notarized, a translation of Huang's message into English, and the translating company's certificate of the translation's accuracy.  (Filing Nos. 12 ¶ 3–7; 12 at ECF 4–8; 13 ¶ 3–7; 13 at ECF 4–8).

terms of the Stipulation, Huang was obligated to pay Plaintiffs $65,573.77 by October 15, 2015; $32,786.89 by November 30, 2015; $162,601.62 by February 28, 2016; $105,573.77 by May 31, 2016; $1,000 by May 31, 2016 for Plaintiffs' court costs; and $5,000 by May 31, 2016 for Plaintiffs' attorney's fees. (Filing No. 9 at ECF 2.) The Stipulation also stated that Plaintiffs would be "entitled to ask this Court to enter a Judgment against [Huang]," (*id.* ¶ 4.), and that "the Court shall accept as presumptive proof the recitation by Plaintiffs of . . . the existence of an event of default." (*Id.* ¶ 9.) The Stipulation also stated that "[Huang] waives the right to present conflicting evidence as to any of the issues described herein" and "waives all right to assert any defense on the merits . . . ." (*Id.*)

In its order dated December 10, 2015, this Court stated that it would regard the Stipulation as a notice of settlement. Accordingly, the Court stayed progression of the case pending payments by Huang to Plaintiffs per the terms of the Stipulation. (*See* Filing No. 10.)

On December 22, 2015, Plaintiffs filed their Motion for Default Judgment alleging that Huang made the first payment of the Stipulation's payment schedule, but none thereafter. Plaintiffs moved the Court to enter an order of "default judgment" against Huang in the amount of $306,962.28 with an interest rate of 12% per annum. (Filing No. 11 at ECF 2.)

### DISCUSSION

Plaintiffs and Huang filed their Stipulation with the apparent intent that Huang would waive her right to dispute the fact of her nonpayment before this Court. Thus, when Plaintiffs filed affidavits attesting to Huang's nonpayment on the agreed amount,

the Court would enter a Default Judgment immediately, the normal procedural steps being waived. In its order acknowledging the Stipulation as a notice of settlement, this Court did not rule on the validity, enforceability, or appropriateness of the terms of the Stipulation. The Court simply stayed progression of the case pending further notice from the parties. The Court is not bound by the terms in the Stipulation that purport to dictate how the Court should proceed in light of Huang's alleged nonpayment.

Unlike a settlement where the Court dismisses the action but explicitly retains jurisdiction to enforce the settlement's terms, the parties here did not seek dismissal of this action and the action was not dismissed. Plaintiffs' Complaint, not the Stipulation, remains the operative document before the Court. Because of this, and for the reasons discussed below, the Court will dismiss the action in part with leave to amend and will deny the Motion for Default Judgment.

Regarding the October 2014 Loan—a loan totaling $161,290.32—Plaintiffs' Complaint does not state a present case or controversy. *See Teague v. Cooper*, 720 F.3d 973, 976 (8th Cir. 2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)) ("Article III of the Constitution grants federal courts the power to hear 'Cases' and 'Controversies.' This 'requirement subsists through all stages of federal judicial proceedings.'") Here, the Complaint describes a potential claim that may arise in the future depending on the occurrence or nonoccurrence of certain events. *See Parrish v. Dayton*, 761 F.3d 873, 875–76 (8th Cir. 2014) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)) ("A claim is not ripe for adjudication if it rests upon contingent future events that . . . may not occur at all." (internal quotation marks omitted)); Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain

statement of the claim showing that the pleader is entitled to relief."). As such, this Court is without subject matter jurisdiction to adjudicate the claim predicated on the October 2014 Loan.

To date, Plaintiffs have not moved this Court to amend the Complaint to reflect the current status of the October 2014 Loan, although the Stipulation states that all amounts remained unpaid as of November 11, 2015. (Filing No. 9. ¶ 3.) Short of such amendment, any judgment entered by this Court regarding the October 2014 Loan would be outside its Article III power and void as a matter of law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree . . . ." (internal citations omitted)); 50 C.J.S. Judgment § 754 (2015) ("A judgment is void when . . . rendered by a court which lacked personal or subject-matter jurisdiction." (internal footnote omitted)). Therefore, on its own motion, the Court will dismiss Plaintiffs' Complaint as it pertains to the October 2014 Loan with leave to amend the Complaint to allege whether Huang is in arrears on the October 2014 Loan now that the loan has come due. *See 4:20 Commc'ns, Inc. v. Paradigm Co.*, 336 F.3d 775, 778 (8th Cir. 2003) ("As parties may not expand the limited jurisdiction of the federal courts by waiver or consent, subject matter jurisdiction issues may first be raised at any time . . . .")

Because Plaintiffs seek a judgment in an amount based on the three loans in total, this Court will deny the Motion for Default Judgment. *Chao v. Sauve*, No. C03-2041 LRR, 2004 WL 503819, at *2 (N.D. Iowa Mar. 16, 2004) ("When a party moves for entry of a default judgment, the court must exercise sound judicial discretion in

statement of the claim showing that the pleader is entitled to relief."). As such, this Court is without subject matter jurisdiction to adjudicate the claim predicated on the October 2014 Loan.

To date, Plaintiffs have not moved this Court to amend the Complaint to reflect the current status of the October 2014 Loan, although the Stipulation states that all amounts remained unpaid as of November 11, 2015. (Filing No. 9. ¶ 3.) Short of such amendment, any judgment entered by this Court regarding the October 2014 Loan would be outside its Article III power and void as a matter of law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree . . . ." (internal citations omitted)); 50 C.J.S. Judgment § 754 (2015) ("A judgment is void when . . . rendered by a court which lacked personal or subject-matter jurisdiction." (internal footnote omitted)). Therefore, on its own motion, the Court will dismiss Plaintiffs' Complaint as it pertains to the October 2014 Loan with leave to amend the Complaint to allege whether Huang is in arrears on the October 2014 Loan now that the loan has come due. *See 4:20 Commc'ns, Inc. v. Paradigm Co.*, 336 F.3d 775, 778 (8th Cir. 2003) ("As parties may not expand the limited jurisdiction of the federal courts by waiver or consent, subject matter jurisdiction issues may first be raised at any time . . . .")

Because Plaintiffs seek a judgment in an amount based on the three loans in total, this Court will deny the Motion for Default Judgment. *Chao v. Sauve*, No. C03-2041 LRR, 2004 WL 503819, at *2 (N.D. Iowa Mar. 16, 2004) ("When a party moves for entry of a default judgment, the court must exercise sound judicial discretion in

determining whether the judgment should be entered."); 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2685 (3d ed.) ("[A] party making the request [for default judgment] is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)."[6]); *see also Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993) (noting the Eighth Circuit's "strong judicial policy against default judgments"). The Court is mindful that there appear to be no issues of material facts, and this action may be appropriate for disposition via subsequent motion. The Court will consider any such motion in accordance with the Federal Rules of Civil Procedure. Accordingly,

IT IS ORDERED:

1. Plaintiffs' Motion for Default Judgment (Filing No. 11) is denied;

2. Plaintiff's Complaint as it relates to the October 2014 Loan is dismissed with leave to amend;

3. The stay of progression in this case is lifted;

4. The clerk of the court is directed to terminate the dismissal paper deadline set for June 15, 2015; and

5. The case will be progressed according to the Federal Rules of Civil Procedure.

Dated this 26th day of January, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[6] The Court notes that Plaintiffs have not attempted to comply with Federal Rule of Civil Procedure 55, but rather circumvent it.