IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZEMIN ZHAO, AND an individual; and ZHONG LING CHEN, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>JI FENG HUANG, an individual;<br><br>Defendant. | 8:15CV288<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Default Judgment, ECF No. 20, filed by Plaintiffs Zemin Zhao and Zhong Ling Chen. For the reasons stated below, the Motion for Default Judgment will be construed as a Motion for a Clerk's Entry of Default.

## BACKGROUND

Between November of 2013 and October of 2014, Plaintiffs made three loans (collectively "Loans") to Defendant Ji Feng Huang, totaling $259,650.97, at an interest rate of three percent per month. Amended Complaint ¶¶ 1–5, ECF No. 15, Page ID 65. Huang signed promissory notes for each of the Loans and agreed to repay them within one year. *Id.* On November 18, 2015, after failing to pay any amount on the Loans, Plaintiffs and Huang entered into an agreement, by which Huang agreed to a modified repayment schedule of the entire amount due, which then totaled $372,536.05, plus twelve percent annual interest. *Id.* ¶¶ 7–8. Huang timely made the first payment of the modified schedule, $65,573.77, but defaulted on the second payment, which was due on November 30, 2015. *Id.* ¶ 9–10.

Plaintiffs filed in this Court on August 3, 2015, ECF No. 1, and amended their complaint on February 15, 2016. ECF No. 15. At the filing of the Amended Complaint, Huang owed Plaintiffs an amount totaling $306,962.28, plus interest from the November 30, 2015, default. *Id.* ¶ 11. After several months, service was executed upon Huang in China. ECF No. 19. On December 8, 2016, Plaintiffs filed their Motion for Default Judgment. ECF No. 20. That same day, Plaintiffs filed an affidavit of Plaintiff Zemin Zhao, ECF No. 21, in which Zhao stated that since the filing of the Amended Complaint, Huang had made two delinquent payments,[1] which Plaintiffs accepted. Zhao Affidavit ¶¶ 14–19, ECF No. 21, Page ID 91. Based on the delinquent payments and applicable interest rate, Huang owed Plaintiffs $210,387.60. Motion for Default Judgment ¶ 19, ECF No. 20, Page ID 88. As of the date of the filing of this Order, Huang has not responded to this action in any way.

## STANDARD OF REVIEW

Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b). *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (quoting Fed. R. Civ. P. 55) (citing 10 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2682 (2d ed. 1983)). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule

---

[1] Huang made her second payment of the modified schedule on April 30, 2016, five months after it was due, in the amount of $53,857.75. Zhao Affidavit ¶ 14, ECF No. 21, Page ID 91. Huang made her third payment on July 20, 2016, nearly five months after it was due, in the amount of $74,531.20. *Id.* ¶ 17. Neither payment accounted for the interest accrued on the delinquent amounts, which totaled $22,495.58. *Id.* ¶¶ 15 & 18.

55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997). Moreover, "a default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton–Wahpeton Community College*, 205 F.3d 1040, 1042 (8th Cir. 2000) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993)).

In summary, a default judgment under Rule 55 is a two-step process. First, "the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend . . . ." *Fraserside IP L.L.C. v. Youngtek Sols. Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (quoting *Hayek v. Big Bros./Big Sisters of Am.*, 198 F.R.D. 518, 520 (N.D. Iowa 2001)). Second, after the clerk has entered a default, "the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Id.* (quoting *Hayek*, 198 F.R.D. at 520).

## DISCUSSION

The Court cannot rule on Motion for Default Judgment because the Clerk of Court has not entered a default against Huang. Therefore, the Court will construe the Plaintiffs' Motion as a motion for clerk's entry of default. The Court will refer the Motion for Default Judgment to the Clerk of Court. In the event that the Clerk of Court enters a default, the Court will then consider the Motion for Default Judgment after Huang has had an opportunity to respond. Accordingly,

IT IS ORDERED:

1. The Motion for Default Judgment, ECF No. 20, is construed as a motion for clerk's entry of default under Fed. R. Civ. P. 55(a) and is referred to the Clerk of Court;

2. In the event the Clerk of Court enters a default against Defendant Ji Feng Huang:

   a. The Clerk of Court is directed to send a copy of this Memorandum and Order as well as the entry of default to the address listed below:

      Ji Feng Huang
      38-1 Nanfugong, Yunfeng RD
      Baiyun District, Guiyang City
      Guizhou, China 550014

   b. Defendant Ji Feng Huang must respond to Plaintiffs' Motion for Default Judgment, ECF No. 20, within fourteen days after the Clerk of Court's entry of default; and

   c. The Clerk of Court is directed not to terminate the Motion that appears at ECF No. 20, but to set a response deadline of fourteen days from the date of the entry of default.

Dated this 26th day of January, 2017.

> BY THE COURT:
>
> s/Laurie Smith Camp
> Chief United States District Judge

4